IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MARK DOBSON #287520, | ) ) ) |
| Petitioner, | ) NO. 3:23-CV-00760 ) JUDGE CAMPBELL |
| v. | ) MAGISTRATE JUDGE ) FRENSLEY |
| WARDEN BRIAN ELLER, | ) ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

Mark Dobson, an inmate of the Northeast Correctional Complex in Mountain City, Tennessee, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction and sentence imposed by the Criminal Court for Davidson County, Tennessee for especially aggravated kidnapping, aggravated burglary, and employing a firearm during the commission of a felony. (Doc. No. 1 at 1). Respondent has filed an Answer (Doc. No. 15) to the petition.

Pending before the Court are the following motions filed by Petitioner: Motion for Evidentiary Hearing (Doc. No. 17), Motion to Expand the Record (Doc. No. 18), Motion to Amend or Supplement Federal Habeas Petition (Doc. No. 19), and Motion for Extension of Time to File a Traverse (Doc. No. 20). The Court will address these motions herein.

## I. BACKGROUND

Petitioner was indicted in the Davidson County Criminal Court on five counts of especially aggravated kidnapping, one count of aggravated burglary, one count of employing a firearm during the commission of a dangerous felony, and two counts of domestic assault. (Doc. No. No. 13-1 at PageID# 98-113). Before trial, Petitioner pled guilty to one count of domestic assault against the

1

victim, Laquitta Waters. *State v. Dobson*, No. M2015-00818-CCA-R3-CD, 2016 WL 7212574, at *1 (Tenn. Crim. App. Dec. 13, 2016), *perm. app. denied* (Tenn. 2017). Following a jury trial, Petitioner was found not guilty on one count of domestic assault as to the victim K.W. but was convicted on the remaining seven counts as charged. (Doc. No. 13-1 at PageID# 203-13). At the sentencing hearing, the trial court imposed a sentence of forty years for each count of especially aggravated kidnapping, fifteen years for aggravated burglary, fifteen years for employing a firearm during the commission of a dangerous felony, and to eleven months, twenty-nine days for the domestic assault. *Dobson*, 2016 WL 7212574, at *13. The trial court ordered the sentences for especially aggravated kidnapping and domestic assault to run concurrently, while the sentences for aggravated burglary and employing a firearm during the commission of a dangerous felony were to run consecutively to each other and the other sentences. *Id*.

On direct appeal, the Tennessee Court of Criminal Appeals affirmed Petitioner's convictions. *Id*. at *16. The Tennessee Supreme Court denied permission to appeal. (Doc. No. 13-18). Petitioner did not file a petition for writ of certiorari in the Supreme Court.

On March 13, 2017, Petitioner filed a petition for post-conviction relief, which was later amended twice by counsel. (Doc. No. 13-19 at PageID# 1206-14; 1219-38; 1243-90). Following an evidentiary hearing, the trial court denied post-conviction relief. (*Id.* at PageID 1297-1302; Doc. No. 13-20 at PageID# 1305-28). On appeal of the denial of post-conviction relief, Petitioner argued that he received ineffective assistance of counsel. *Dobson v. State*, M2021-00949-CCA-R3-PC, 2022 WL 4363356, at *1 (Tenn. Crim. App. Sept. 21, 2022), *perm. app. denied* (Tenn. 2023). The Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief, concluding that trial counsel's performance was not deficient. *Id.* at *16-*20. The Tennessee Supreme Court denied further discretionary review. (Doc. No. 13-31).

2

On July 18, 2023, Petitioner filed the instant petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 1 at PageID# 41).

## II. MOTION FOR EVIDENTIARY HEARING

First, Petitioner seeks an evidentiary hearing "on his ineffective assistance of counsel claims" related to "his plea of in violation of his federal constitutional privilege against self-incrimination under the 14th Amendment of the United States Constitution, due process, and indictment issues." (Doc. No. 17 at PageID# 1842). The text of Petitioner's motion "in support of [his request for an] evidentiary hearing" focuses on trial counsel's alleged failure (1) to inform Petitioner of his right against self-incrimination (*id.*); (2) to file a Bill of Particulars "or seek clarity on the nature of the Indictments" (*id.* at PageID# 1845); and (3) to file a motion to redact cell phone records (*id*. at PageID# 1846).[1]

When a claim has been "adjudicated on the merits in State court proceedings," 28 U.S.C. § 2254(d), the federal court's review of the claim is "limited to the record that was before the state court...." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). In such a proceeding, a movant may expand the record only if the claim "relies on a new rule of constitutional law, made retroactive to cases on collateral review … or a factual predicate that could not have been discovered through the exercise of due diligence." 28 U.S.C. § 2254(e)(2)(A). Moreover, a movant must establish "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for the constitutional error no reasonable factfinder would have found the applicant guilty of the underlying offense." *Id.* at § 2254(e)(2)(B).

---

[1] The Motion for Evidentiary Hearing also lists a fourth ground, "Ground 4 Jury Instructions", but there is no further elaboration. (*See* Doc. No. 17 at PageID# 1848). Therefore, the Court will not consider whether to grant an evidentiary hearing based on this undeveloped argument.

3

If a claim was not adjudicated on the merits, the petitioner may be entitled to an evidentiary hearing if he or she diligently attempted to develop the factual basis for the claim in the state courts. *Williams v. Taylor*, 529 U.S. 420, 430-37 (2000); 28 U.S.C. § 2254(e)(2) (providing a narrow path to an evidentiary hearing for a prisoner who "failed to develop the factual basis of a claim"). "Fail[ure] to develop" means that the state court record is undeveloped due to "lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." *Williams*, 529 U.S. at 432. Section 2254(e)(2) sets forth "stringent conditions for excusing [that] deficiency." *Id.* at 423. First, the federal claim must "'rel[y] on'" either "'a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable,'" or "'a factual predicate that could not have been previously discovered through the exercise of due diligence.'" *Id.* at 429-30 (quoting § 2254(e)(2)). Second, "'the facts underlying the claim [must] be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.'" *Id.* at 430 (quoting § 2254(e)(2)).

In determining whether an evidentiary hearing should be permitted, the Court must first determine if each of the three ineffective assistance of counsel sub-claims referenced in Petitioner's motion were adjudicated on the merits in state court. *Cullen*, 563 U.S. 170, 181. Excluding the self-incrimination sub-claim, Petitioner raised the two other sub-claims of ineffective assistance of counsel ("remaining sub-claims") before the post-conviction court. (Doc. No. 13-19 at PageID# 1208-14 (pro se petition) #1219-39 (amended petition filed by counsel) #1243-91 (second amended petition filed by new counsel)). Following an evidentiary hearing, the post-conviction court entered an order denying these same claims for relief because Petitioner failed to show that trial counsel's performance fell below the objective standards of

4

Case 3:23-cv-00760   Document 23   Filed 08/12/24   Page 4 of 8 PageID #: 2019

reasonableness. (Doc. No. 13-19 at PageID# 1297-1302, 1305-28).[2] Petitioner did not raise these claims on post-conviction appellate review before the Tennessee Court of Criminal Appeals. *See Dobson*, 2022 WL 4363356. Thus, the record shows that Petitioner's remaining sub-claims were not adjudicated on the merits in state court.

As noted, except in certain narrow circumstances, Section 2254(e)(2) prohibits a court from conducting an evidentiary hearing on a claim that the petitioner did not develop in state court, either through his own lack of diligence or that of his attorney. *Williams*, 529 U.S. at 432. Petitioner therefore is entitled to an evidentiary hearing only if he meets that provision's stringent requirements. This he cannot do. Petitioner was aware of these sub-claims previously, raised them before the post-conviction court, and abandoned them on post-conviction appellate review. Thus, Petitioner's remaining sub-claims neither rely on "a new rule of constitutional law . . . or . . . a factual predicate that could not have been previously discovered through the exercise of due diligence." 28 U.S.C. § 2254(e)(2). He is not entitled to an evidentiary hearing on these sub-claims.

Petitioner's remaining ineffective assistance of counsel sub-claim is based on trial counsel's alleged failure to inform Petitioner of the right against self-incrimination. Specifically, Petitioner alleges that trial counsel was ineffective for advising Petitioner to violate his Fifth Amendment right against self-incrimination "when he [counsel] advised me to plead guilty to [domestic] assault." (Doc. No. 1 at PageID# 37). He continues: "At trial, trial counsel [], nor the trial court upon entering a plea of guilty to domestic assault informed me that I had a right against self-incrimination, nor did the Judge tell me before accepting the plea that trial counsel was so not

---

[2] The state-court record submitted by Respondent contains the first six pages of the post-conviction court's memorandum opinion in the nineteenth attachment to Doc. No. 13. (Doc. No. 13-19 at PageID# 1297-1302). The remainder of the memorandum opinion resumes at page seven at Doc. No. 13-20 at PageID# 1305-1328.

5

Case 3:23-cv-00760   Document 23   Filed 08/12/24   Page 5 of 8 PageID #: 2020

prepared that the services rendered was [sic] so below standard[.]" (*Id.*) Petitioner presents this claim for the first time here.

In raising this sub-claim, Petitioner does not rely on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Neither does Petitioner rely on "a factual predicate that could not have been previously discovered through the exercise of due diligence." Thus, Petitioner is not entitled to an evidentiary hearing on this sub-claim either.

Accordingly, Petitioner's Motion for an Evidentiary Hearing (Doc. No. 17) is **DENIED**.

### III. MOTION TO EXPAND THE RECORD

Next, Petitioner filed a Motion to Expand the Record (Doc. No. 18). Rule 7 of the Rules Governing Section 2254 Cases in the United States District Courts provides that, "[i]f the petition is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the petition." R. 7(a), R. Gov'g § 2254 Cases. In other words, expansion of the record is not permitted unless the Court does not dismiss the petition using the pleadings and the state court record before it. The "the purpose [of Rule 7(a)] is to enable the judge to dispose of some habeas petitions not dismissed on the pleadings, without the time and expense required for an evidentiary hearing." R. 7, R. Gov'g § 2254 Cases advisory committee's note. Thus, under Rule 7, the Court should not permit expansion of the record if the pleadings and state court record adequately resolve Petitioner's claims.

Further, as noted above, the United States Supreme Court limits federal habeas corpus review to the state-court records. Specifically, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits" because Section 2254(d)'s

6

text "requires an examination of the state court decision at the time it was made." *Cullen*, 563 U.S. 170, 181-82.

Upon review of Petitioner's motion, however, he does not seek to *expand* the record. Instead, he alleges that a page is missing from the state-court record and requests that the State provide that page. Indeed, within the state-court record provided by Respondent, page six of the medical records of A.G. (a minor child) provided by the Centerstone custodian of those records, is missing. (*See* Doc. No. 13-24 at PageID# 1593-1602). The sixth page bears only the words "Missing Page 6." (*Id*. at PageID# 1600). Respondent does not address this oddity in his Notice of Filing Documents. (Doc. No. 13).

According to Petitioner, the missing page "will prove to Court that trial counselor was not prepared at trial and/or he did not investigate Petitioner's case, and prove the State violated [his] constitutional rights by withholding Brady material." (Doc. No. 18 at PageID# 1966). Further, Petitioner alleges that "the missing page will show this Honorable Court the reason why Petitioner went to Centerstone and could have been favorable to the defense in his rebuttal proof." (*Id*.)

Respondent has not responded to Petitioner's motion. Because Petitioner alleges that the missing page is relevant to at least two of the claims asserted in his federal habeas petition, the Court finds that a response by Respondent is needed. Accordingly, Petitioner's Motion to Expand the Record is **GRANTED** insofar as Respondent is **DIRECTED** to respond regarding the "Missing Page 6" within 60 days of entry of this Memorandum Opinion and Order.

## IV. OTHER MOTIONS

In Petitioner's "Motion to Amend or Supplement Federal Habeas Petition" (Doc. No. 19), he asks the Court for permission to "amend or supplement" his Section 2254 petition "concerning the gun charges, etc." (Doc. No. 19 at PageID# 1971). Petitioner provides no additional details or

7

argument in support of his motion. He has not provided a proposed amended petition. Without more information, the Court is not inclined to grant Petitioner's motion. Therefore, the motion (Doc. No. 19) is **DENIED WITHOUT PREJUDICE** to refile.

Petitioner also filed a Motion for Extension of Time to File a Traverse (Doc. No. 20). He has since filed his traverse and a memorandum of law in support of it. (Doc. Nos. 21, 22). Thus, the motion for an extension is **DENIED AS MOOT**.

## V. SUMMARY

In summary, Petitioner's Motion for Evidentiary Hearing (Doc. No. 17) is **DENIED**, Motion to Expand the Record (Doc. No. 18) is **GRANTED**, Motion to Amend or Supplement Federal Habeas Petition (Doc. No. 19) is **DENIED WITHOUT PREJUDICE**, and Motion for Extension of Time to File a Traverse (Doc. No. 20) is **DENIED AS MOOT**.

Respondent is **DIRECTED** to respond regarding the "Missing Page 6" in the state-court record within 60 days of entry of this Memorandum Opinion and Order.

Until the matter of the state-court record's completeness has been resolved, the Court will not proceed to a disposition on Petitioner's ripe federal habeas petition.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE